UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDDIE LEE WILLIAMS,

              Petitioner,

v.                                                Case No. 3:15-cv-635-J-34JBT

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

              Respondents.
_____

**ORDER**

**I. Status**

Petitioner Freddie Lee Williams, an inmate of the Florida penal system, initiated this action on May 18, 2015,[1] by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) under 28 U.S.C. § 2254. He filed an Amended Petition (Doc. 5) on September 27, 2015. In the Amended Petition, Williams challenges a 2004 state court (Duval County, Florida) judgment of conviction for burglary of a dwelling. Respondents have submitted a memorandum in opposition to the Amended Petition. See Respondents' Motion to

---

    [1] Giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to the prison authorities for mailing to this Court. See Houston v. Lack, 487 U.S. 266, 276 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

Dismiss (Response; Doc. 19) with exhibits (Resp. Ex.). On October 18, 2016, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. 12), admonishing Williams regarding his obligations and giving Williams a time frame in which to submit a reply. On February 2, 2018, Williams replied. See Reply to Respondents' Motion to Dismiss (Doc. 35). This case is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and

> made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Respondents contend that Williams has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). The following procedural history is relevant to the one-year limitations issue. On November 17, 2003, the State of Florida charged Williams with burglary of a dwelling. See Resp. Ex. 2 at 9, Information. Williams proceeded to a jury trial in May 2004, see Resp. Exs. 4, 5, Transcripts of the Jury Trial (Tr.), at the conclusion of which, on May 19, 2004, the jury found him guilty, as charged, see Resp. Ex. 2 at 117, Verdict; Tr. at 341-42. On June 17, 2004, the court sentenced Williams to a term of imprisonment of eighteen years. See Resp. Ex. 2 at 142-47, Judgment. On June 6, 2005, the appellate court affirmed Williams' conviction and sentence per curiam, and the mandate issued on June 22, 2005. See Resp. Ex. 9.

Williams' conviction became final on Sunday, September 4, 2005 (90 days from June 6, 2005). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion."). Because Williams' conviction was after April 24, 1996, the effective date of the AEDPA, Williams had one year from the date his conviction became final to file the federal petition (Tuesday, September 6, 2006).[2] The Petition, filed on May 18, 2015, is due to be dismissed as untimely unless Williams can avail himself of one of the statutory provisions which extends or tolls the limitations period.[3]

With the one-year limitations period having expired on September 6, 2006, none of Williams' motions filed after September 6, 2006, could toll the limitations period because there was no

---

[2] Williams had until September 6, 2006, because Monday, September 5th, was a federal holiday (Labor Day).

[3] To the extent Williams asserts that the one-year limitations period should run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action," 28 U.S.C. § 2244(d)(1)(B), he has failed to carry his burden of showing that the inability to file unconstitutionally prevented him from exercising the fundamental right of access to the courts in order to challenge his conviction, see Akins v. United States, 204 F.3d 1086, 1090 (11th Cir. 2000).

4

period remaining to be tolled.[4] See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating that, where a state prisoner files post-conviction motions in state court after the AEDPA limitations period has expired, those filings cannot toll the limitations period because "once a deadline has expired, there is nothing left to toll"). Given the record, Williams' May 18, 2015 Petition is untimely filed, and due to be dismissed unless Williams can establish that equitable tolling of the statute of limitations is warranted.

"When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015), cert. denied, 137 S.Ct. 830 (2017). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017), cert. denied, 138 S.Ct. 1042 (2018). As an extraordinary remedy, equitable tolling is "limited to rare and

---

[4] See Resp. Exs. 1 at 3, Docket Entry 313; 10 at 1-118, Rule 3.850 motion for post-conviction relief, filed May 29, 2007.

exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Williams to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

Williams acknowledges that his Petition is untimely filed. See Reply at 1. He simply has not met the burden of showing that equitable tolling is warranted. Upon review, the Court finds that Williams has not demonstrated that an extraordinary circumstance prevented him from timely filing his federal Petition. Insofar as Williams argues that he did not have access to his legal materials and transcripts while in confinement and/or close management at Jefferson Correctional Institution and Santa Rosa Institution, such circumstances generally are not extraordinary, and are not such in the instant case. See Miller v. Florida, 307 F. Appx. 366, 368 (11th Cir. 2009) (affirming a district court's dismissal of a habeas petition as untimely; "restricted access to a law library, lock-downs, and solitary confinement" as well as lack of education and inability to access legal assistance generally do not qualify as circumstances warranting equitable tolling).

Additionally, Williams asserts that he was diligent in pursuing his claims in federal court because he submitted a letter on June 11, 2009, explaining the delay. See Case No. 3:09-cv-545-J-25HTS. He therefore states that "the actual delay" in presenting his federal claims is approximately three years. See Reply at 2. In the letter, Williams asserted that he was "confused" about the federal limitations period because inmate law clerks and his appellate attorney had given him inadequate advice, and the federal limitations period had expired by the time he exhausted his state court remedies. See Case No. 3:09-cv-545-J-25HTS, Letter (Doc. 1).[5] A habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Indeed, like other litigants, pro se litigants "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Moreover, insofar as Williams asserts that the prison's law library lacked legal materials relating to the proper filing of a federal petition, the Eleventh Circuit has stated that record evidence was insufficient to support a causal connection

---

[5] The Court dismissed the case on June 29, 2009, without prejudice to give Williams an opportunity to properly prepare and refile his habeas claims after he exhausted his state court remedies. See Case No. 3:09-cv-545-J-25HTS, Order of Dismissal Without Prejudice (Doc. 4), filed June 29, 2009.

between a petitioner's untimely filing and any alleged inadequacies in the prison library. See Helton v. Sec'y for the Dept. of Corr., 259 F.3d 1310, 1314 (11th Cir. 2001). Similarly, Williams has neither shown that his confinement status nor inadequacies in the library or inmate law clerk program affected his ability to timely file his federal petition.[6]

To the extent Williams claims he is actually innocent, this Court finds that he has not made the requisite showing. In McQuiggin v. Perkins, the United States Supreme Court held that a claim of actual innocence, if proven, provides an equitable exception to the one-year statute of limitations. 569 U.S. 383, 386 (2013).

> We hold that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar, as it was in Schlup[7] and House,[8] or, as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup, 513 U.S., at 329,

---

[6] Notably, Williams was able to file a pro se motion for clarification in the First District Court of Appeal on September 22, 2005, see http://onlinedocketsdca.flcourts.org, Case No. 1D04-3073, when he was allegedly in a confinement status at Jefferson Correctional Institution awaiting a transfer to close management at Santa Rosa Correctional Institution, see Reply at 2-3.

[7] Schlup v. Delo, 513 U.S. 298 (1995).

[8] House v. Bell, 547 U.S. 518 (2006).

8

> 115 S.Ct. 851; see House, 547 U.S. at 538, 126 S.Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind Schlup envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. Schlup, 513 U.S., at 332, 115 S.Ct. 851.

Id. at 386-87.

Thus, to make a showing of actual innocence, Williams must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). Here, Williams has not offered any new reliable evidence that was not available at the time of his trial. He has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not available at the time of his trial. As such, he has not met the high bar of providing new evidence that supports factual innocence. Indeed, Williams has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. He has presented no new evidence establishing that he is actually innocent of the crime. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

Williams has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him.

For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### III. Certificate of Appealability
### Pursuant to 28 U.S.C. § 2253(c)(1)

If Williams seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Williams "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' request to dismiss (Doc. 19) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

3. If Williams appeals the dismissal of the case, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of May, 2018.

MARCIA MORALES HOWARD
United States District Judge

sc 5/16
c:
Freddie Lee Williams, FDOC #095064
Counsel of Record